IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
GALE MORAN,                        )
                                   )    2:12-cv-01488-GEB-CKD
              Plaintiff,           )
                                   )
        v.                         )    DISMISSAL ORDER
                                   )
HOBBY LOBBY STORES, INC.; INLAND   )
WESTERN MDS PORTFOLIO, LLC,        )
                                   )
              Defendants.          )
_____   )
```

On March 27, 2013, the parties filed a "Settlement Agreement and Proposed Order Regarding Injunctive Relief and Damages Only" (the "Settlement Agreement"). (ECF No. 22.) The March 27, 2013 filing is comprised of a two page caption, a nine page settlement agreement, and a one paragraph proposed order. (Id.) The parties' settlement agreement references, *inter alia*, the agreed upon completion of "corrective work" at the public accommodation at issue, as well as the payment of $10,000 "for Plaintiff's alleged damages for personal injuries and civil rights violations." (Id. at ¶¶ 1, 3.)

In essence, the parties are seeking the Court's approval of their private settlement agreement and are requesting "the Court [to] retain jurisdiction of this action to enforce provisions of th[e] Settlement Agreement . . . for four (4) months . . . or until all corrective work is completed and payment for Plaintiff's damages, attorneys fees, litigation expenses and costs is made in full, whichever occurs later." (Id. at 11.)

1

1    The parties mistakenly presume the Court will retain
2 jurisdiction over this action to enforce the terms of their settlement
3 agreement. The parties have not shown why the Court should retain
4 jurisdiction, and "the mere fact that the parties agree that the court
5 [shall] exercise continuing jurisdiction is not binding on the court."
6 Arata v. Nu Skin Int'l, Inc., 96 F.3d 1265, 1269 (9th Cir. 1996); see
7 also Jessup v. Luther, 277 F.3d 926, 929 (7th Cir. 2002) (observing that
8 settlement of a federal lawsuit "is just another contract to be enforced
9 in the usual way, that is, by fresh suit") (citing Kokkonen v. Guardian
10 Life Ins. Co., 511 U.S. 375, 378-82 (1994)) (additional citations
11 omitted).

12    Also, even though the settlement agreement includes an
13 injunctive relief provision, the parties have not shown that Court
14 approval of such injunctive relief is appropriate. "[A] federal judge
15 sitting as chancellor is not mechanically obligated to grant an
16 injunction for every violation of law." Weinberger v. Romero-Barcelo,
17 456 U.S. 305, 313 (1982) (citing Tennessee Valley Auth. v. Hill, 437
18 U.S. 153, 193 (1978)). "An injunction should issue only if the
19 traditional four-factor test is satisfied." Monsanto Co. v. Geertson
20 Seed Farms, 130 S. Ct. 2743, 2757 (2010).

21    Further, in light of the parties' settlement of this action,
22 and since they evince their intent to have this action dismissed with
23 prejudice, this action is dismissed with prejudice. See Eitel v. McCool,
24 782 F.2d 1470, 1472-73 (9th Cir. 1986) (explaining that "[t]he court
25 reasonably concluded that the parties had the requisite mutual intent to
26 dismiss the action with prejudice" when the court "f[ound] that the
27 parties' . . . representations to the court agreeing to a dismissal with
28 prejudice constituted a voluntary stipulated dismissal under Rule

41(a)(1)(ii)"); see also Oswalt v. Scripto, Inc., 616 F.2d 191, 195 (5th Cir. 1980) (stating "[n]or are we deterred from finding a stipulated dismissal by the fact that there is no formal stipulation of dismissal entered in the record by [the parties]," if it is obvious that is what the parties intended).

Dated:  April 3, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

3